HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA DAVIS,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,

    Defendant.

CASE NO. C16-5783-RBL

ORDER

[Dkt. #s 44, 46, 49, & 50]

THIS MATTER is before the court on the following motions:

Plaintiff Davis's Motion for Default against Defendant Heidi Kaas [Dkt. #44]; Defendant Riverside School District's Motion to Change Venue to the Eastern District of Washington [Dkt. # 46]; Defendants' Motion for a Protective Order [Dkt. #49]; and Defendant DSHS's Motion to withdraw as attorney for Defendant Kaas [Dkt. #50].

Kaas has been served, the provisional appearance entered on her behalf has been withdrawn, and DSHS has demonstrated that it told Kaas that the State would not defend her in this matter. The Motion for Default [Dkt. #44] is **GRANTED**. Under Rule 55(a), the Clerk is **DIRECTED** to ender the Default of Defendant Heidi Kaas.

For the same reasons, DSHS's Motion to Withdraw as Counsel for Defendant Kaas [Dkt. #50] is **GRANTED**.

Defendant's Motion for a Protective Order [Dkt. #49] is **GRANTED**, and the Court will enter the proposed form of Order. Plaintiff's request for an award of fees in connection with opposing part of that Motion is **DENIED**.

Defendant Riverside asks the Court to transfer the Venue of this case to the Eastern District, which it claims is the "center of gravity" of this case. Defendant DSHS takes no position on venue. Plaintiff Davis opposes transfer, arguing that her choice of forum is entitled to deference.

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to another district where it might have been brought. 28 U.S.C. §1404(a). To determine whether to transfer, the court weighs several factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Generally, a plaintiff's chosen forum is given paramount consideration and the moving party has the burden to demonstrate that an action should be transferred. *Eldridge v. Bouchard,* 620 F.Supp. 678, 684 (W.D. Va. 1985).

Davis's choice to file in this forum is entitled to deference. All parties have contacts, witnesses and evidence on both sides of the state. The acts upon which the case is based occurred

1  on both sides of the state. While it might be cheaper for Riverside to defend the case in the

2  Eastern District, that is not the deciding factor. The Motion to Transfer Venue [Dkt. # 46] is

3  **DENIED**.

4  IT IS SO ORDERED.

5     Dated this 26th day of January, 2017.

_____
Ronald B. Leighton
United States District Judge