UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA DAVIS, as Personal Representative of the Estate of G.B., <br><br>Plaintiff, <br><br>v. <br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; JENNIFER STRUS, individually and in her official capacity acting under the color of state law; HEIDI KAAS, individually and in her official capacity acting under the color of state law; MELISSA KEHMEIER, individually and in her official capacity acting under the color of state law; JAMES DESMOND, individually and in his official capacity acting under the color of state law; CASSIE ANDERSON, individually and in her official capacity acting under the color of state law; BRINA CARRIGAN, individually and in her official capacity acting under the color of state law; MAGGIE STEWART, individually and in her official capacity acting under the color of state law; LORI BLAKE, individually and in her official capacity acting under the color of state law; SHANNON SULLIVAN, individually and in her official capacity acting under the color of state law; | No. 2:17-CV-0062-SMJ <br><br> **ORDER DENYING RIVERSIDE DEFENDANTS MOTIONS TO DISMISS** |

ORDER DENYING MOTIONS TO DISMISS - 1

| | |
|---|---|
| 1 | SUSAN STEINER, individually and in her official capacity acting under the |
| 2 | color of state law; CAMERON NORTON, individually and in his |
| 3 | official capacity acting under the color of state law; SARAH OASE, |
| 4 | individually and in her official capacity acting under the color of state law; |
| 5 | RANA PULLOM, individually and in her official capacity acting under the |
| 6 | color of state law; DONALD WILLIAMS, individually and in his |
| 7 | official capacity under the color of state law; CHRIS MEJIA, individually and in |
| 8 | his official capacity acting under the color of state law; RIVERSIDE |
| 9 | SCHOOL DISTRICT NO. 416, a Municipal corporation duly organized |
| 10 | and existing under the laws of Washington State; JUANITA |
| 11 | MURRAY, individually and in her official capacity acting under the color |
| 12 | of state law; ROBERTA KRAMER, individually and in her official capacity |
| 13 | acting under the color of state law; SARAH RAMSDEN, individually and |
| 14 | in her official capacity acting under the color of state law; CAROLINE |
| 15 | RAYMOND, individually and in her official capacity acting under the color |
| 16 | of state law; CHERI MCQUESTEN, individually and in her official capacity |
| 17 | acting under the color of state law; SARAH RAMSEY, individually and in |
| 18 | her official capacity acting under the color of state law; TAMI BOONE, |
| 19 | individually and in her official capacity acting under the color of state law; |
| 20 | MELISSA REED, individually and in her official capacity acting under the |

ORDER DENYING
MOTIONS TO DISMISS - 2

color of state law; ANN STOPAR, individually and in her official capacity acting under the color of state law; KRISTINA GRIFFITH, individually and in her official capacity acting under the color of state law; WENDY SUPANCHICK, individually and in her official capacity acting under the color of state law; SHERRY DORNQUAST, individually and in her official capacity acting under the color of state law; GARY VANDERHOLM, individually and in his official capacity acting under the color of state law; ROGER PRATT, individually and in his official capacity acting under the color of state law; CHRIS NIEUWENHUIS, individually and in his official capacity acting under the color of state law and JOHN DOES 1-50, individually and in their official capacities acting under the color of state law,

Defendants.

## I. INTRODUCTION

This is a tragic case involving a five-year-old boy, G.B., who, after his father was murdered and his mother died of an apparent drug overdose, was allegedly abused and ultimately beaten to death by his aunt. Plaintiff, G.B.'s grandmother and representative of his estate, brought this action against the Washington State Department of Social and Health Services (DSHS) and the Riverside School

District, as well as numerous employees of those organizations, alleging a number of state and federal claims.

The School District and its employees (collectively the Riverside defendants) have filed motions to dismiss Plaintiff's constitutional claims brought pursuant to 42 U.S.C § 1983.[1] They argue that state actors generally have no constitutional duty to protect an individual from harm by third parties, and that no exception applies here. Plaintiff rejects the framework applied in Defendants' arguments, and instead argues that she has stated a claim directly under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), by alleging that Riverside School District policies caused G.B.'s death.

Plaintiff's argument misunderstands the law. There is no independent *Monell* claim with respect to injury caused by a third party. Nevertheless, Plaintiff's allegations that Riverside employees applied unlawful policies and customs to not immediately report G.B.'s serious signs of abuse are sufficient to support application of the state-created-danger exception to the rule that government actors have no constitutional duty to protect individuals from third parties. Additionally,

---

[1] Defendants Riverside School District, No. 416, and individual defendants Juanita Murry, Roberta Kramer, Chris Nieuwenhuis, Roger Pratt, Gary Vanderholm, Wendy Supanchick, Kristina Griffith, Ann Stopar, Melissa Reed, Tami Boone, Cheri McQuesten, Caroline Raymond, and Sara Ramsden filed a Motion to Dismiss 42 U.S.C. § 1983 Claims, ECF No. 74, and Defendant Sherry Dornquast filed a separate Motion to Dismiss 42 U.S.C. § 1983 Claims, ECF No. 76. These motions are based on the same substantive arguments.

ORDER DENYING
MOTIONS TO DISMISS - 4

because Plaintiff has alleged that the individual Riverside defendants were acting in accordance with School District policy and custom, Plaintiff has adequately alleged that Riverside School District itself is liable for the allegedly unconstitutional conduct under *Monell*. Accordingly, the Court denies the Riverside Defendants' motions to dismiss.

## II. BACKGROUND[2]

G.B.'s father was murdered in his home in Port Angeles, Washington in June 2012. ECF No. 1 at 12. G.B.'s mother died of a heart attack two years later in July 2014. ECF No. 1. at 13. Following the death of his mother, G.B. and his siblings became dependents of the State of Washington. ECF No. 1 at 13. In August, 2014, G.B. and his younger brother were placed in the care of their paternal aunt, Cynthia Khaleel, in Spokane. ECF No. 1 at 15.

G.B. began attending Chatteroy Elementary School in the Riverside School District, where he was in special education due to developmental delays. ECF No. 1 at 13. During the 2014-15 school year, Riverside employees observed numerous signs of abuse and neglect, some of which were reported to DSHS. These included bruising and scratches on G.B.'s face and head, burns, and aggressive and aberrant behavior. ECF No. 1 at 31–35. On December 19, 2014, a school counselor informed

---

[2] For the purpose of considering these motions, the Court accepts the truth of Plaintiff's factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

ORDER DENYING
MOTIONS TO DISMISS **-** 5

a DSHS employee that G.B. was being abused at home, and that Khaleel had yelled obscenities at the counselor in front of G.B. ECF No. 1 at 19.

On April 16, 2015, numerous school employees noticed bruising on G.B.'s face and head, which he complained were hurting. ECF No. 1 at 14. When asked where the bruising came from, G.B. told a school employee that "my mommy punched me." ECF No. 1 at 14, 34. This incident was not reported to DSHS. ECF No. 1 at 34. Plaintiff alleges that the incident was not reported because the school had a policy of running suspected abuse reports through its principal or another administrator, Tiffany Zuck, both of whom were absent that day. ECF No. 1 at 35.

On the morning of April 17, 2015, emergency medical providers arrived at the Khaleel residence and discovered G.B. in an unresponsive state. ECF No. 1 at 13. He was taken to Sacred Heart Medical Center, where medical staff discovered multiple skull fractures and traumatic injuries to his brain. ECF No. 1 at 13. He died from these injuries the following day. ECF No. 1 at 14.

The Spokane County Medical examiner determined that G.B.'s cause of death was blunt force head injury, and ruled the death a homicide. ECF No. 1 at 14. G.B. also sustained multiple other traumas, including an abdominal injury that was the result of a forceful blow. ECF No. 1 at 14. Khaleel was arrested in July 2015 and charged with second-degree murder. ECF No. 1 at 14.

Plaintiff, G.B.'s grandmother, brought this action against DSHS and the Riverside School District, along with numerous employees of those agencies. ECF No. 1. Her claims against the Riverside Defendants include negligence, violation of G.B.'s substantive due process rights pursuant to § 1983, violation of Washington mandatory reporting laws, and the tort of outrage.

### III. LEGAL STANDARD

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Cntr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). A government actor generally has no constitutional obligation to protect an individual from harm done by a third party. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989). But there are two exceptions: "(1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception), . . . and (2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011) (quoting *DeShaney*, 489 U.S. at 198–202; *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir.1996)).

The Riverside defendants argue that Plaintiff fails to allege substantive due process violation by the Riverside Defendants because neither *DeShaney* exception applies here. ECF No. 81 at 9–17. Plaintiff rejects the application of the *DeShaney* framework in this case, arguing instead that she has adequately pleaded her claims against the District and its employees under *Monell* because G.B.'s death was caused by a School District policy. ECF No. 81 at 12. Plaintiff argues that the

*Monell* theory of liability is distinct from the "state-created danger" theory discussed in *DeShaney*, and that under the *Monell* analysis, a substantive due process claim can be established if a municipal policy or custom itself, without conduct by state actors, caused a substantive due process violation. ECF No. 81 at 12.

*Monell* establishes when a municipality may be sued under § 1983, *Monell*, 436 U.S. at 690–95, but it does not create a substantive duty for a municipality to protect an individual from third parties. In other words, *Monell* and *Deshaney* do not describe alternate bases for government liability under § 1983. A court considering whether to dismiss a substantive due process claim against a municipality based upon injury immediately caused by a third party must consider both whether the plaintiff has pleaded facts supporting application of an exception to the *DeShaney* rule and whether the plaintiff has pleaded a basis for municipal liability under *Monell*.

Despite Plaintiff's apparent misunderstanding of the law, Plaintiff's allegations that Riverside School District policies, and the actions of employees following those policies, caused G.B.'s death permit a reasonable inference (1) that the second *DeShaney* exception applies—that is, that the Riverside defendants created the risk of harm to G.B—and (2) that the School District itself may be held liable under *Monell*.

**A. Plaintiff alleges sufficient facts to show that the *DeShaney*, state-created harm exception applies.[3]**

The state-created-danger exception applies only where there is (1) "'affirmative conduct on the part of the state in placing the plaintiff in danger,'" and (2) "the state acts with 'deliberate indifference' to a 'known or obvious danger.'" *Patel*, 648 F.3d at 974 (quoting *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000); *Grubbs*, 92 F.3d at 900)).

The Riverside defendants argue that they did not do anything to put G.B. in a worse position than he would have been in had they done nothing at all, and therefore the first state-created-danger element is not satisfied. ECF No. 74 at 19; ECF No. 76 at 17. But Plaintiff clearly alleges that the Riverside defendants took affirmative actions that placed G.B. in danger by adopting, and applying in this case, certain abuse-reporting policies. Specifically, Plaintiff alleges that Riverside's abuse and neglect reporting policies (1) give employees the option of reporting abuse to a school administrator rather than DSHS; (2) route suspected abuse reports through principals, who decide whether or not to call DSHS; and (3) permit district officials to wait 48 hours before reporting to DSHS. ECF No. 1 at 31–32. Plaintiff also alleges

---

[3] It is clear that the special-relationship exception does not apply here. This exception applies where the state "takes a person into its custody and holds him there against his will." *DeShaney*, 489 U.S. at 199–200. Compulsory school attendance is insufficient to create a "special relationship" under the *DeShaney* standard. *Patel*, 648 F.3d at 973.

that the Chatteroy Elementary School had an unofficial policy of running suspected abuse reports through its principal and another administrator who would then decide whether to call DSHS. ECF No. 1 at 31. Plaintiff alleges that application of these policies was a cause of G.B.'s death. ECF No. 1 at 34; ECF No. 81 at 6–7. Accepting the truth of these allegations, it is plausible that in the absence of the policies, indeed even without *any* reporting policy, G.B. may not have been killed because a Riverside employee would have immediately reported the serious signs of abuse to DSHS or the police rather than waiting to report those signs to designated officials when those officials were available.

The deliberate indifference element is a closer question. Deliberate indifference is a very stringent standard, which the Ninth Circuit has explained as follows:

> Deliberate indifference requires a culpable mental state. The state actor must recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff. In other words, the defendant knows that something *is* going to happen but ignores the risk and exposes the plaintiff to it.

*Patel*, 648 F.3d at 974 (citations and quotation marks omitted).

The Riverside defendants correctly note that the facts of cases where courts have found deliberate indifference are extreme. *See, e.g.*, *Munger*, 227 F.3d 1082 (police wouldn't allow intoxicated man to drive home or reenter bar and he died of hypothermia from minus 20 to 25 degree temperatures); *Penilla v. City of*

*Huntington Park*, 115 F.3d 707 (9th Cir. 1997) (man died after police officers found him on his porch in need of medical attention and cancelled a paramedic call, moved him inside, and left); *L.W. v. Grubbs*, 974 F.2d 119 (9th Cir. 1992) (RN who worked in a state prison was raped when she was put in a situation where she was working alone with a violent sex offender.); *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989) (officer arrested driver of a vehicle for DUI and left passenger alone in a bad neighborhood, where she was then raped). But so are the facts of this case: A five-year-old boy had serious bruises on his head (and a history of signs of abuse) and told his teacher that his mother punched him. Rather than report this to DSHS, *or the police*, immediately, the employees apparently followed policy and waited to report the incident to school officials who were absent that day. As a result, the child was beaten to death.

Based on the facts as alleged, it is plausible that Riverside policy makers and employees knew that these policies in general would result in children being harmed, and it is likely that employees knew that in this case G.B. would suffer harm if they followed established policy and custom and did not immediately report the signs of abuse. They likely did not know G.B. would be killed, but it is certainly probable that they knew he would be harmed.

Accordingly, Plaintiff has alleged facts sufficient to show that the state-created harm exception to the general rule that a government actor has no duty to

protect an individual from harm done by a third party applies in this case.

**B.     Plaintiff has adequately pleaded School District liability under *Monell*.**

A local governmental unit or municipality may be sued under Section 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (citing *Monell*, 436 U.S. at 690). However, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (1978). Instead, "[r]ecovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). A municipality is responsible for its officials' unconstitutional conduct under § 1983 only if the conduct was caused by a municipal policy, practice, or custom. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

Riverside argues that Ms. Khaleel did not act under color of state law and the School District had no control over her. ECF No. 94 at 6. But as discussed, Ms. Khaleel's actions are not the subject of Plaintiff's substantive due process claim. Plaintiff alleges that Riverside School District policies and district employees' application of those policies were causes of G.B.'s death. In other words, Plaintiff alleges that municipal policy and custom caused a constitutional deprivation. These allegations are sufficient to state a claim for municipal liability under § 1983.

## C. Motion to Strike

Riverside argues that the Court should strike the declarations of witness Tiffany Zuck, ECF Nos. 79 and 80, which were submitted with Plaintiff's response to the motions to dismiss. ECF No. 94 at 11–12. Riverside argues that much of the evidence submitted is inadmissible. ECF No. 94 at 12–15. The admissibility of evidence is not properly before the Court at this time. Nevertheless, the declarations are not appropriate for consideration on a motion to dismiss, which should be decided on the pleadings. Accordingly, the Riverside Defendants' request to strike the declarations of Tiffany Zuck, ECF Nos. 79, 80, is granted.

## V. CONCLUSION

For the reasons discussed, Plaintiff has stated a substantive due process claim against the Riverside Defendants pursuant to 42 U.S.C. § 1983. Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Riverside School District, No. 416, Juanita Murry, Roberta Kramer, Chris Nieuwenhuis, Roger Pratt, Gary Vanderholm, Wendy Supanchick, Kristina Griffith, Ann Stopar, Melissa Reed, Tami Boone, Cheri McQuesten, Caroline Raymond, and Sara Ramsden's Motion to Dismiss 42 U.S.C. § 1983 Claims, **ECF No. 74**, is **DENIED**.

2. Defendant Sherry Dornquast's Motion to Dismiss 42 U.S.C. § 1983 Claims, **ECF No. 76**, is **DENIED**.

3.  The Declarations of Tiffany Zuck, **ECF No. 79** and **ECF No. 80**, are

    **STRICKEN**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 9th day of June 2017.

SALVADOR MENDOZA, JR.
United States District Judge