FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 18, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BARBARA DAVIS, as Personal
Representative of the Estate of G.B.,
deceased,

                    Plaintiff,

          v.

WASHINGTON STATE
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES; JENNIFER
STRUS, individually and in her official
capacity acting under the color of state
law; HEIDI KAAS, individually and in
her official capacity acting under the
color of state law; MELISSA
KEHMEIER, individually and in her
official capacity acting under the color
of state law; JAMES DESMOND,
individually and in his official capacity
acting under the color of state law;
CASSIE ANDERSON, individually and
in her official capacity acting under the
color of state law; BRINA
CARRIGAN, individually and in her
official capacity acting under the color
of state law; MAGGIE STEWART,
individually and in her official capacity
acting under the color of state law;
LORI BLAKE, individually and in her
official capacity acting under the color
of state law; SHANNON SULLIVAN,
individually and in her official capacity

No.   2:17-CV-00062-SMJ

**ORDER GRANTING
DEFENDANTS NORTON, STRUS,
SULLIVAN, AND WILLIAMS'S
MOTION FOR SUMMARY
JUDGMENT ON 42 U.S.C. § 1983
CLAIMS AGAINST THEM**

ORDER **-** 1

acting under the color of state law;
SUSAN STEINER, individually and in
her official capacity acting under the
color of state law; CAMERON
NORTON, individually and in his
official capacity acting under the color
of state law; SARAH OASE,
individually and in her official capacity
acting under the color of state law;
RANA PULLOM, individually and in
her official capacity acting under the
color of state law; DONALD
WILLIAMS, individually and in his
official capacity under the color of state
law; CHRIS MEJIA, individually and in
his official capacity acting under the
color of state law; RIVERSIDE
SCHOOL DISTRICT NO. 416, a
Municipal corporation duly organized
and existing under the laws of
Washington State; JUANITA
MURRAY, individually and in her
official capacity acting under the color
of state law; ROBERTA KRAMER,
individually and in her official capacity
acting under the color of state law;
SARAH RAMSDEN, individually and
in her official capacity acting under the
color of state law; CAROLINE
RAYMOND, individually and in her
official capacity acting under the color
of state law; CHERI MCQUESTEN,
individually and in her official capacity
acting under the color of state law;
SARAH RAMSEY, individually and in
her official capacity acting under the
color of state law; TAMI BOONE,
individually and in her official capacity
acting under the color of state law;
MELISSA REED, individually and in

her official capacity acting under the color of state law; ANN STOPAR, individually and in her official capacity acting under the color of state law; KRISTINA GRIFFITH, individually and in her official capacity acting under the color of state law; WENDY SUPANCHICK, individually and in her official capacity acting under the color of state law; SHERRY DORNQUAST, individually and in her official capacity acting under the color of state law; GARY VANDERHOLM, individually and in his official capacity acting under the color of state law; ROGER PRATT, individually and in his official capacity acting under the color of state law; CHRIS NIEUWENHUIS, individually and in his official capacity acting under the color of state law and JOHN DOES 1-50, individually and in their official capacities acting under the color of state law,

       Defendants.

This case involves the tragic death of a five-year-old boy, G.B., who was allegedly abused and killed by his aunt and foster parent, Cynthia Khaleel. G.B. had been placed with Khaleel by the Washington State Department of Social and Health Services (DSHS), and he attended Chatteroy Elementary School in the Riverside School District at the time of his death. G.B.'s grandmother brought this action against DSHS and the Riverside School District, along with numerous individual

defendants connected to those entities, alleging a number of state and federal claims. ECF No. 1.

Before the Court is DSHS Defendants Cameron Norton, Jennifer Strus, Shannon Sullivan, and Don Williams's Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983, ECF No. 144. Plaintiff does not oppose dismissal of the § 1983 claims against Defendants Norton, Sullivan, and Williams in their individual or official capacities and does not oppose dismissal of the § 1983 claims against Defendant Strus in her official capacity. ECF No. 153 at 2. Accordingly, the only question before the Court on this motion is whether Plaintiff's claims against Defendant Strus in her individual capacity may proceed.[1]

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements

---

[1] The Court agrees with the parties that the § 1983 claims against Defendants Norton, Strus, Sullivan, and Williams in their official capacities must be dismissed because state-agency officials acting in their official capacity are not persons subject to suit under § 1983, *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989), and that the claims against Defendants Norton, Sullivan, and Williams in their individual capacities must be dismissed because Plaintiff has failed to show that they participated in any way in a deprivation of G.B.'s rights.

essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Sgt. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Strus was the Assistant Secretary of the Children's Administration of DSHS during the time relevant to this case. ECF No. 146 at 2. She argues that Plaintiff's § 1983 claims against her in her individual capacity fail because she did not personally participate in any alleged deprivation of G.B.'s rights. ECF No. 144 at 2. Plaintiff argues that "as the final policy maker for the [Children's Administration], Strus should be held liable for the mistakes caused by her deficient policies and procedures, as well as her acquiescence to the overburdening of [Children's Administration] social workers. ECF No. 153 at 9. Plaintiff argues that Strus knew official policies were not being implemented; specifically that social workers were over worked and cutting corners out of necessity. ECF No. 153 at 13–14.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff*

*v. Univ. Med. Cntr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). "The Fourteenth Amendment substantive due process clause protects a foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent." *Tamas v. DSHS*, 630 F.3d 833, 842 (9th Cir. 2010). On the record before the Court, a reasonable fact finder could conclude that G.B. was deprived of that right. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). A state official defendant may be held liable under § 1983 for actions taken in her individual capacity, but only if she affirmatively participated in causing the alleged violation of a plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."). Under this principle, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's claims and supporting facts do not support individual § 1983 liability against Strus. Plaintiff cites facts allegedly demonstrating failings by social workers in handling of G.B.'s case. ECF NO. 154 at 5–7. But the facts in the record concerning Strus are limited to her actions approving policies and overseeing the

Children's Administration. ECF No. 154 at 2–5. No facts in the record indicate that Strus had any awareness of the handling of G.B.'s case or that she had direct supervisory authority over social workers who took actions that deprived G.B. of any constitutional right. Indeed Strus avers that she was never assigned to G.B.'s case, had no contact with G.B. or his family, and did not supervise any of G.B.'s social workers. ECF No. 146 at 2; ECF No. 162 at 3–4.

The § 1983 claims against Strus in her individual capacity must be dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants Cameron Norton, Jennifer Strus, Shannon Sullivan, and Don Williams's Motion for Summary Judgment on 42 U.S.C. Claims Against Them, **ECF No. 144**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 18th day of January 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge