FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA DAVIS, as Personal Representative of the Estate of G.B., deceased,<br><br>      Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; JENNIFER STRUS, individually and in her official capacity acting under the color of state law; HEIDI KAAS, individually and in her official capacity acting under the color of state law; MELISSA KEHMEIER, individually and in her official capacity acting under the color of state law; JAMES DESMOND, individually and in his official capacity acting under the color of state law; CASSIE ANDERSON, individually and in her official capacity acting under the color of state law; BRINA CARRIGAN, individually and in her official capacity acting under the color of state law; MAGGIE STEWART, individually and in her official capacity acting under the color of state law; LORI BLAKE, individually and in her official capacity acting under the color of state law; SHANNON SULLIVAN, individually and in her official capacity | No. 2:17-CV-00062-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGMENT** |

ORDER - 1

acting under the color of state law; SUSAN STEINER, individually and in her official capacity acting under the color of state law; CAMERON NORTON, individually and in his official capacity acting under the color of state law; SARAH OASE, individually and in her official capacity acting under the color of state law; RANA PULLOM, individually and in her official capacity acting under the color of state law; DONALD WILLIAMS, individually and in his official capacity under the color of state law; CHRIS MEJIA, individually and in his official capacity acting under the color of state law; RIVERSIDE SCHOOL DISTRICT NO. 416, a Municipal corporation duly organized and existing under the laws of Washington State; JUANITA MURRAY, individually and in her official capacity acting under the color of state law; ROBERTA KRAMER, individually and in her official capacity acting under the color of state law; SARAH RAMSDEN, individually and in her official capacity acting under the color of state law; CAROLINE RAYMOND, individually and in her official capacity acting under the color of state law; CHERI MCQUESTEN, individually and in her official capacity acting under the color of state law; SARAH RAMSEY, individually and in her official capacity acting under the color of state law; TAMI BOONE, individually and in her official capacity acting under the color of state law; MELISSA REED, individually and in

| | |
|---|---|
| 1 | her official capacity acting under the color of state law; ANN STOPAR, |
| 2 | individually and in her official capacity acting under the color of state law; |
| 3 | KRISTINA GRIFFITH, individually and in her official capacity acting under |
| 4 | the color of state law; WENDY SUPANCHICK, individually and in her |
| 5 | official capacity acting under the color of state law; SHERRY DORNQUAST, |
| 6 | individually and in her official capacity acting under the color of state law; |
| 7 | GARY VANDERHOLM, individually and in his official capacity acting under |
| 8 | the color of state law; ROGER PRATT, individually and in his official capacity |
| 9 | acting under the color of state law; CHRIS NIEUWENHUIS, individually |
| 10 | and in his official capacity acting under the color of state law and JOHN DOES |
| 11 | 1-50, individually and in their official capacities acting under the color of state |
| 12 | law, |
| 13 | Defendants. |

Before the Court, without oral argument, is Plaintiff Barbara Davis's FRCP 59(e) Motion to Alter or Amend March 26, 2018 Judgment Dismissing 42 U.S.C. § 1983 Claims against Sarah Oase, ECF No. 283. Davis argues that the Court should reconsider its order granting summary judgment on the § 1983 claims against Defendant Oase because attorneys for the DSHS Defendants made incorrect representations about DSHS's home study policy in 2014 and regarding Oase's compliance with DSHS policy. ECF No. 283 at 45. But assuming this is true, it does

ORDER - 3

not affect the Court's rational for finding that Oase is entitled to qualified immunity on Davis's § 1983 claims:

> On the record before the Court, Oase had no obvious reason to believe Kaas was falsifying records concerning her health and safety visits, or to suspect that there was a problem with the Khaleel home. Moreover, she was no longer Kaas's supervisor during the time in which it appears DSHS discovered Kaas was falsifying records. The record does not support that a reasonable official would have inferred a substantial risk of serious harm existed. Accordingly, Oase is entitled to qualified immunity on Plaintiff's § 1983 claims.

ECF No. 281 at 23. Even if a home study should have been completed prior to G.B's placement with Khaleel pursuant to DSHS policy, the record does not support deliberate indifference to a substantial risk of serious harm on the part of Oase.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's FRCP 59(e) Motion to Alter or Amend March 26, 2018 Judgment Dismissing Claims against Sarah Oase, **ECF No. 283**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 1st day of May 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 4