FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2020

SEAN F. McAVOY, CLERK

1

2

3      UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF WASHINGTON

4

5   BARBARA DAVIS, as Personal            No.   2:17-cv-00062-SMJ
    Representative of the Estate of G.B.,
    deceased,                             **ORDER GRANTING IN PART
6                                         AND DENYING IN PART
                          Plaintiff,      RIVERSIDE DEFENDANTS' AND
7                                         PLAINTIFF'S MOTIONS FOR
           v.                             SUMMARY JUDGMENT**
8
    JENNIFER STRUS, individually and in
9   her official capacity acting under the
    color of state law; HEIDI KAAS,
10  individually and in her official capacity
    acting under the color of state law;
11  MELISSA KEHMEIER, individually
    and in her official capacity acting under
12  the color of state law; JAMES
    DESMOND, individually and in his
13  official capacity acting under the color
    of state law; CASSIE ANDERSON,
14  individually and in her official capacity
    acting under the color of state law;
15  BRINA CARRIGAN, individually and
    in her official capacity acting under the
16  color of state law; MAGGIE
    STEWART, individually and in her
17  official capacity acting under the color
    of state law; LORI BLAKE,
18  individually and in her official capacity
    acting under the color of state law;
19  SHANNON SULLIVAN, individually
    and in her official capacity acting under
20  the color of state law; SUSAN

1   STEINER, individually and in her
    official capacity acting under the color
2   of state law; CAMERON NORTON,
    individually and in his official capacity
3   acting under the color of state law;
    SARAH OASE, individually and in her
4   official capacity acting under the color
    of state law; RANA PULLOM,
5   individually and in her official capacity
    acting under the color of state law;
6   DONALD WILLIAMS, individually
    and in his official capacity acting under
7   the color of state law; CHRIS MEJIA,
    individually and in his official capacity
8   acting under the color of state law;
    RIVERSIDE SCHOOL DISTRICT NO.
9   416, a Municipal Corporation duly
    organized and existing under the laws
10  of Washington State; JUANITA
    MURRAY, individually and in her
11  official capacity acting under the color
    of state law; ROBERTA KRAMER,
12  individually and in her official capacity
    acting under the color of state law;
13  SARAH RAMSDEN, individually and
    in her official capacity acting under the
14  color of state law; CAROLINE
    RAYMOND, individually and in her
15  official capacity acting under the color
    of state law; CHERI MCQUESTEN,
16  individually and in her official capacity
    acting under the color of state law;
17  SARAH RAMSEY, individually and in
    her official capacity acting under the
18  color of state law; TAMI BOONE,
    individually and in her official capacity
19  acting under the color of state law;
    MELISSA REED, individually and in
20  her official capacity acting under the

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE
DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY
JUDGMENT – 2

1
2
3
4
5
6
7
8
9
10
11
12
13

color of state law; ANN STOPAR, individually and in her official capacity acting under the color of state law; KRISTINA GRIFFITH, individually and in her official capacity acting under the color of state law; WENDY SUPANCHICK, individually and in her official capacity acting under the color of state law; SHERRY DORNQUAST, individually and in her official capacity acting under the color of state law; GARY VANDERHOLM, individually and in his official capacity acting under the color of state law; ROGER PRATT, individually and in his official capacity acting under the color of state law; CHRIS NIEUWENHUIS, individually and in his official capacity acting under the color of state law; and JOHN DOES 1–50, individually and in their official capacities acting under the color of state law,

Defendants.

14
15

Before the Court, without oral argument,[1] are the Riverside Defendants'[2]

16
17

[1] Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court is fully informed and finds the motions appropriate for decision without oral argument. *See* LCivR 7(i)(3)(B)(iii).

18
19
20

[2] The Riverside Defendants include the Riverside School District, No. 416; Roberta Kramer; Chris Nieuwenhuis; Roger Pratt; Gary Vanderholm; Wendy Supanchick; Kristina Griffith; Ann Stopar; Melissa Reed; Tami Boone; Cheri McQuesten; Caroline Raymond; and Sarah Ramsden. ECF No. 331 at 2–3. Defendant Sherry Dornquast, a former Riverside School District employee, has joined in the Response to Plaintiff's motion for summary judgment. ECF No. 343.

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 3

Motion for Summary Judgment on All Claims, ECF No. 226, and Plaintiff Barbara Davis's Motion for Summary Judgment Against Riverside School District and Related Individual Defendants, ECF No. 236. The Riverside Defendants seek summary judgment on each of Plaintiff's claims, arguing Plaintiff cannot establish the causation element of any claim. ECF No. 226. Plaintiff seeks summary judgment on nine issues. ECF No. 236. Having reviewed the briefing and the file in this matter, the Court is fully informed. For the reasons that follow, the Court grants in part and denies in part each motion.

## BACKGROUND

**A.    Factual history[3]**

This case arises out of the tragic death of G.B., a minor child, while in the custody of his aunt. G.B. was born in October 2009, and he lost both parents early in his life: his father was murdered in his home in June 2012, and his mother died of an apparently drug-related heart attack two years later. ECF No. 1 at 12–13. Following the death of his mother, G.B. and his siblings became dependents of the State of Washington. *Id.* at 13. In August 2014, G.B. and his younger brother were

---

[3] The parties' filings on these motions do not provide detailed factual backgrounds, possibly because the facts of this case have been exhaustively described in prior motions and Court Orders. The Court similarly finds that a detailed discussion of the factual background is not necessary in this Order. To the extent practicable, this discussion of the case relies on the filings in the instant motions, but where background facts are not provided, the Court relies on previous filings.

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 4

placed in the care of their paternal aunt, Cynthia Khaleel, who lived near Spokane, Washington. *Id.* at 13.

In the fall of 2014, G.B. began attending Chatteroy Elementary School in the Riverside School District, where he qualified for special education programs due to his developmental delays in cognitive, communication, social and emotional, and adaptive skills. *Id.* During the 2014–15 school year, staff and teachers at Chatteroy Elementary School observed numerous signs that G.B. may have been suffering abuse and neglect:

- In early October 2014, one of G.B.'s teachers, Sheri Dornquast, noticed bruising on G.B.'s forehead. ECF No. 171-3 at 20–21, 27. She took a photograph and called Chatteroy Principal Juanita Murray into the classroom to look at the bruising. ECF No. 171-1 at 18–20; ECF No. 171-3 at 20. Dornquast discussed G.B.'s injuries with several other staff members, some of whom also saw G.B. and observed the bruises. ECF No. 171-3 at 27. Murray decided not to contact DSHS and denies suspecting that the bruises were signs of abuse. ECF No. 171-1 at 19.

- Later in October 2014, during field trip, Dornquast noticed G.B. had a bandage covering his entire forehead. ECF No. 171-3 at 20, 27. She asked Khaleel about the bandage, and Khaleel stated that G.B. had gotten a very bad sunburn. *Id.* at 20. Later, when Dornquast saw G.B. without the bandage, she observed a pink mark and peeling skin consistent with a burn. *Id.* at 28. Speech Pathologist Sara Ramsden, family service coordinators Tami Boon and Cheri McQuesten, and assistant lead teacher Ann Stopar also remembered seeing a burn or red inflamed area on G.B.'s forehead around that time. ECF No. 171-4 at 13; ECF No. 171-5 at 12; ECF No. 171-6 at 6; ECF No. 171-7 at 12, 18. Dornquast told them that Khaleel had told her it was a sunburn. ECF No. 171-4 at 13; ECF No. 171-6 at 6. A photograph taken

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 5

1

2

shortly after that incident showed G.B. with scabs on his forehead. ECF No. 171-3 at 29; ECF No. 171-13.

3

4

5

6

- On November 20, 2014, Dornquast noticed bruising on G.B.'s ears and arm. ECF No. 171-3 at 21, 32. Dornquast again contacted Murray about G.B.'s injuries. ECF No. 171-1 at 21; ECF No. 171-3 at 22. Dornquast asked Murray if she should report the incident, and Murray told her she would take care of it. ECF No. 171-3 at 22, 32. Murray asked the school nurse, Wendy Supanchick, to examine G.B. ECF No. 171-1 at 21. No report was made to DSHS concerning this incident. *Id.* at 22.

7

8

- Dornquast indicated that she observed G.B. hitting his head against things on several occasions. ECF No. 171-3 at 27.

9

10

11

12

13

- At a Christmas concert on December 10, 2014, several staff members observed bruising and scratches on G.B.'s face, and Ramsend stated that she believed these injuries were signs of abuse. ECF No. 171-4 at 12, 17. G.B. attended school for only four days in December 2014. ECF No. 171-3 at 17–18. At this same concert, Ramsend observed that G.B. and a sibling were left alone in a stroller outside the school gymnasium. ECF No. 171-4 at 25. This concerned her because both children were "high-needs." *Id.* at 25.

14

15

- G.B. had a significant number of absences in December 2014 and January 2015, ECF No. 171-4 at 20, and was absent for all but three school days in March 2015. ECF No. 171-1 at 18.

16

17

- In February 2015, a school employee observed G.B. crying in the parking lot with a bleeding scrape on the back of his head. Khaleel stated that he had fallen out of the car and hit his head. ECF No. 270 at 30.

18

19

Only after the December 10, 2014 incident were any of these events reported.

20

After Ramsend shared her concerns about the injuries G.B. had at the Christmas

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 6

concert with assistant lead teacher Caroline Raymond and then school counselor Tiffany Zuck, Zuck submitted a report to DSHS on December 12, 2014 indicating that she believed G.B. and his siblings were being abused at home. ECF No. 135-9 at 4. She reported that G.B. had multiple injuries consistent with abuse and that Khaleel did not adequately supervise him. *Id.* at 4. Specifically, she reported that G.B. had multiple bruises, injuries, and scratches to his face, cheeks, and forehead, but she noted that G.B. had severe disabilities and had harmed himself previously. ECF. No. 218-4 at 17. She also reported that Khaleel left G.B. and his younger sibling unattended in a school hallway for seven to eight minutes. *Id.* at 17. Additionally, Zuck relayed a concern expressed by G.B.'s bus driver that G.B. walked by himself to the bus stop and was often followed by two large dogs. *Id.* at 17. DSHS social worker Brina Carrigan investigated Zuck's December 12 referral, and ultimately closed the referral as unfounded on December 24, 2014. ECF No. 218-2 at 3–4; ECF No. 218-4 at 3–4.

Following this incident, Khaleel came into the school and confronted Zuck, verbally attacking her, yelling profanities, and threatening her. ECF No. 135-15 at 5; ECF No. 171-4 at 9–10. Riverside Superintendent Kramer had a conversation with Khaleel in which she told Khaleel that she could not discuss Child Protective Services (CPS) reports and asked Khaleel to leave. ECF No. 171-2 at 9. Kramer subsequently instructed Murray to tell Zuck that her interactions were upsetting and

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 7

disruptive to the family. *Id.* at 10. Consistent with Khaleel's request not to have further involvement with Zuck, Zuck was instructed not to deal with Khaleel in the future, although Kramer does not recall specifically telling Zuck that she was prohibited from having any contact with the Khaleel family. *Id.* at 10. Zuck asserts that the District and administration told her not to have contact with G.B. or his siblings. ECF No. 135-15 at 5.

It does not appear the February 2015 incident was reported to child protective services, nor were G.B.'s significant absences in January and March 2015. *See* ECF No. 270 at 30. Further, Zuck asserts that near the time of the December incident, G.B.'s grandmother, Barbara Davis, began calling to complain that G.B. and his siblings were being abused at home, but that Murray did not report the suspected neglect because Murray believed Davis was lying. *Id.* at 5. Murray denies these assertions. ECF No. 171-1 at 28–29. The Chatteroy Elementary School staff handbook at the time of the incident required staff to report suspected child abuse to the school counselor, rather than directly to Child Protective Services. ECF No. 135-6 at 6. This policy was revised after G.B.'s death to require staff to report suspected abuse directly to the Department of Social and Health Services rather than to a school counselor. ECF No. 171-1 at 10.

On April 16, 2015, G.B. told Melissa Reed that his "mother punched" him in

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 8

the head.[4] ECF No. 171-3 at 24. Dornquast overheard this statement and asked G.B. what he said, and he repeated his mother had "punched [him] in the head." *Id.* Dornquast denies seeing any evidence of injury or that G.B. reported he was in any pain. *Id.* Dornquast did not believe G.B.'s statement that Khaleel "punched" him, but thought Khaleel might have "popped . . . [or] flicked him [or] something." *Id.* This incident was not immediately reported to DSHS or law enforcement. *Id.* Murray was not working on that day. ECF No. 171-1 at 24. Dornquast states that she would have reported the incident to Murray if she had not been out of town. ECF No. 171-3 at 23.

The following morning, on April 17, 2015, emergency medical providers arrived at the Khaleel residence and discovered G.B. in an unresponsive state. ECF No. 1 at 13. He was taken to Sacred Heart Medical Center, where medical staff discovered multiple skull fractures and traumatic injuries to his brain. *Id.* He died from these injuries the following day. *Id.* at 14. The Spokane County Medical examiner determined that G.B.'s cause of death was blunt force head injury and ruled the death a homicide. *Id.* G.B. also sustained multiple other traumas, including an abdominal injury that was the result of a forceful blow. *Id.* Khaleel was arrested

---

[4] Dornquast recalls G.B. saying, "Mom punched me in the head," ECF No. 171-3 at 24, while Murray stated that she was told the statement was "my mommy punched me in the head," ECF No. 171-1 at 25.

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 9

in July 2015 and charged with second-degree murder. *Id.*

## C.    Relevant Procedural History

This case has an extensive procedural history, which the Court only briefly summarizes. G.B.'s grandmother, on behalf of G.B.'s estate, brought this action on September 14, 2016 against DSHS and the Riverside School District, along with numerous employees of those agencies. ECF No. 1. Her claims against the Riverside Defendants include negligence, violation of G.B.'s substantive due process rights under 42 U.S.C. § 1983, violation of Washington mandatory reporting laws, and the tort of outrage. *Id.* at 40–45. On February 21, 2020, the case was transferred from the Western District of Washington, where it was filed, to the Eastern District of Washington. ECF Nos. 67, 68. The Court has already at least partially resolved eight motions seeking dispositive relief on claims filed by various Defendants, two of which were appealed and affirmed by the Ninth Circuit.[5] ECF Nos. 99, 221, 223, 281 & 291; ECF Nos. 311, 334.

In June 2016, the Court denied the Riverside Defendants' motion to dismiss Plaintiff's § 1983 claims against the District, the Directors, Principal Murray, and Superintendent Roberta Kramer, but, with Plaintiff's stipulation, granted the motion

---

[5] The Court also notes that since the filing of these motions, three more motions for summary judgment or partial summary judgment have been filed, further complicating the record in this case. ECF Nos. 347, 359 & 361.

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 10

to dismiss the § 1983 claims against the other individual Riverside Defendants. ECF No. 99. In January 2018, the Court granted in part and denied in part the Riverside Defendants' motion for summary judgment on all claims, dismissing Plaintiff's § 1983 claims against the Riverside School District Directors and denying summary judgment on all other claims against the Riverside Defendants. ECF No. 221.

The Riverside Defendants filed this motion for summary judgment on January 25, 2018, and Plaintiff filed her motion for summary judgment as to the Riverside Defendants on January 29, 2018. ECF Nos. 226, 236. The motions were stayed pending resolution of the appeal of the Court's denial of Defendants Roberta Kramer's and Juanita Murray's claim of qualified immunity. ECF Nos. 252, 253. The stay was lifted on June 20, 2019. ECF No. 312. However, on September 24, 2019, the Court granted the Riverside Defendants' Motion to Continue Hearing on Summary Judgment Motions pending the deposition of Ms. Khaleel. ECF No. 327. After unsuccessful attempts to depose Ms. Khaleel, the parties jointly requested that hearing dates be set in July 2020 on these motions without her deposition testimony. ECF No. 335 at 7–8.

**LEGAL STANDARD**

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 11

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess credibility or weigh evidence. *See id.* Nevertheless, the nonmoving party may not rest upon the mere allegations or denials of its pleading but must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires resolution by the finder of fact. *See Anderson*, 477 U.S. at 248–49.

## DISCUSSION

### A.    Causation

The Riverside Defendants assert, and Plaintiff does not contest, that each of Plaintiff's causes of action require a showing of causation. ECF No. 226 at 6–7; ECF No. 342. The Riverside Defendants assert Plaintiff cannot establish that, had the Riverside Defendants reported each of the signs of abuse identified by Ms. Davis, G.B. would not have died in Khaleel's home on the morning of April 17,

2015.[6] ECF No. 226 at 4. Plaintiff argues (1) this Court and the Ninth Circuit have determined that there is a causal link between the Riverside Defendants' failure to report and G.B.'s death, so the law of the case doctrine precludes revisiting this issue, and (2) in any event, there is a dispute of material fact over whether, had the Riverside Defendants reported the signs of G.B.'s abuse earlier, he would have been removed from the Khaleel home in time to prevent his death. ECF No. 342 at 9.

"The law of the case doctrine ordinarily precludes reconsideration of a previously decided issue." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

> The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case. The doctrine is a judicial invention designed to aid in the efficient operation of court affairs. Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition.

*United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)).

In this case, the Ninth Circuit, in affirming this Court's decision, determined

---

[6] The Riverside Defendants originally also argued that Plaintiff could not provide any facts in support of the argument that G.B.'s death was caused by abuse, rather than an accidental injury. ECF No. 226 at 4. However, the Riverside Defendants have withdrawn this argument. ECF No. 353 at 4.

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 13

that a reasonable juror could find "that had [Murray and Kramer] not discouraged staff from directly reporting suspected abuse, staff would have reported signs that G.B. was abused to authorities on several occasions between October 2014 and April 2015[], and the CPS would have intervened." ECF No. 310 at 5–6 (footnote omitted). This determination was made in the context of evaluating Murray and Kramer's arguments related to qualified immunity. *See id.* at 3–6. As such, the Ninth Circuit did not explicitly decide the issue raised in the instant motion for summary judgment: whether there is a dispute of material fact that, had CPS received reports of suspected abuse, either prior to or subsequent to the December report, G.B. would have been removed from Khaleel's custody before April 17, 2015. *See id.*

However, the failure to report suspected abuse is a necessary link in the causal chain described by the Ninth Circuit. Thus the Ninth's Circuit's decision— that CPS may have intervened had there not been a policy discouraging direct reporting—necessarily included a determination that the failure to directly report caused CPS's failure to intervene. As the Ninth Circuit observed in a footnote, "[t]here were several occasions where G.B. displayed signs of potential abuse, including bruising and a severe burn in October 2014, bilateral bruising in November 2014, significant absences in January and March 2015, and G.B.'s statement in April 2015 that 'Mom punched me in the head.'" ECF No. 310 at 6

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 14

n.4. Thus, this issue was decided by necessary implication, and the Court is precluded from revisiting it by the law of the case doctrine. *See Thrasher*, 483 F.3d at 981.

Because the Court has already determined that there is a dispute of material fact going to the issue of causation raised in the Riverside Defendants' motion for summary judgment, summary judgment is not appropriate and the motion must be denied. Similarly unavailing are the Riverside Defendants' arguments that Plaintiff's state law claims against the school teachers and staff must be dismissed because the December investigation severed the causal link between October and November failures to report and G.B.'s death. The Riverside Defendant's motion for summary judgment is denied as to this argument.

## B.    State Law Claims

The Riverside Defendants also move for summary judgment on various state law claims against specified Riverside Defendants and on all claims against the Riverside Defendants for the claim of outrage. ECF No. 226 at 19–23.

### 1.    Outrage Claims Against All Defendants

The Riverside Defendants argue that "Plaintiff can identify no facts which establish any of the three elements of the tort of outrage." ECF No. 226 at 23. "The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 15

result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003). "Although the three elements are fact questions for the jury, this first element of the test goes to the jury only after the court 'determine[s] if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability.'" *Robel v. Roundup Corp.*, 59 P.3d 611, 619 (Wash. 2002) (alteration in original) (quoting *Dicomes v. State*, 782 P.2d 1002, 1013 (Wash. 1989)).

"[A]ny claim for intentional infliction of emotional distress must be predicated on behavior 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kloepfel*, 66 P.3d at 632 (quoting *Grimsby v. Samson*, 530 P.2d 291, 295 (Wash. 1975)) (emphasis omitted). "In an outrage claim, 'the relationship between the parties is a significant factor in determining whether liability should be imposed.'" *Robel*, 59 P.3d at 620 (quoting *Contreras v. Crown Zellerbach Corp.*, 565 P.2d 1173, 1176 (Wash. 1977)).

In this case, Plaintiff has not shown reasonable minds could differ over whether the Riverside Defendant's conduct was sufficiently extreme as to result in liability. Plaintiff presents only one argument on this point, that "because of the relationship between G.B. and the teachers and staff at Chattaroy Elementary School, issues of material fact exist as to whether RSD Defendants' conduct was sufficiently extreme to result in liability." ECF No. 342 at 22. First, Plaintiff fails

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 16

to set forth specific facts or point to substantial probative evidence, tending to support her case and showing a genuine issue requires resolution by the finder of fact. *See Anderson*, 477 U.S. at 248–49.

Second, the single case on which Plaintiff relies in support of this argument is distinguishable from the instant case in that it involved an employer or other authority figures affirmatively using racial slurs, comments, or jokes. *See Robel*, 59 P.3d at 620. A case involving outrage in the context of failing to report abuse, *Jane Doe v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 167 P.3d 1193 (Wash. Ct. App. 2007), is similarly distinguishable in that there was an additional egregious act beyond the failure to report which supported the plaintiff's claim of outrage. Specifically, in that case, a child being abused informed a bishop she was being abused and the bishop discouraged her from pursuing anything further because, in the trial court's words, "the family would break up, they'd be out on the streets, basically, everybody would be talking about her." *Id.* at 1206. As such, Plaintiff has not shown that there is a dispute of material fact and summary judgment in favor the Riverside Defendants is appropriate.

### 2.    Negligence Claims Against Board Members

The Riverside Defendants argue Plaintiff's state law claims against the Riverside School District Board Members Chris Nieuwenhuis, Roger Pratt, and

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 17

Gary Vanderholm ("Board Members") should be dismissed.[7] ECF No. 226 at 19. The Riverside Defendants also argue the negligence claim against Reed must be dismissed. Plaintiff did not respond to either argument related to the Board Members. *See* ECF No. 342. The remaining state law claims against the Board Members are negligence and failure to report under Wash. Rev. Code § 26.440.030.

"The elements of negligence are duty, breach, causation, and injury." *Keller v. City of Spokane*, 44 P.3d 845, 848 (Wash. 2002) (citing *Hartley v. State,* 698 P.2d 77, 82 (Wash. 1985)). Plaintiff asserts the Board had a duty to remain involved in policy implementation and to ensure the superintendent was executing her duties, but failed to discuss with school staff how the reporting policies were being implemented or "take any meaningful action to ensure [the superintendent] was carrying out her duties." ECF No. 344 at 3–6. However, this Court has already determined in the context of Plaintiff's § 1983 claims against the Board Members that

> [T]he [Board Members] are not supervisors and have no obligation to supervise implementation of policies at individual schools. Under Washington law, a school district board of directors is "vested with the final responsibility for the setting of policies ensuring quality in the content and extent of its educational program and that such program

---

[7] The Riverside Defendants previously moved to dismiss claims against Defendants Nieuwenhuis, Pratt, and Vanderholm as Board Members, but presented arguments pertaining only to claims under § 1983. ECF No. 105. The Court granted the motion as to the § 1983 claims but denied the motion as to the remaining claims. ECF No. 221.

provide students with the opportunity to achieve those skills which are generally recognized as requisite to learning." Wash. Rev. Code [] § 28A.150.230(1). But school boards may, and generally do, hire a superintendent and other administrators and delegate administrative authority to those officials. [Wash. Rev. Code] § 28A.330.100; ECF No. 143 at 9–10. School boards are generally not equipped to provide administrative supervision of superintendents or to provide oversight of the details of specific policy implementation at individual schools. ECF No. 143 at 10. Additionally, Plaintiff fails to provide any facts supporting the allegation that the Directors adopted a policy that caused a failure to train or supervise.

ECF No. 221 at 36–37. Thus, Plaintiff's assertions that the Board had a duty to supervise the superintendent's implementation of their policies is contrary to the Court's prior findings. Plaintiff has not presented evidence that would support a finding that the Board Members were negligent and summary judgment in favor of the Board Members is appropriate.

### 3.    Negligence and failure to report against Reed

As to Defendant Reed, the Riverside Defendants argue the Court should find Reed's actions were "objectively reasonable" as a matter of law and dismiss both the negligence and failure to report claims against her. ECF No. 226 at 22. The Riverside Defendants present no legal authority supporting this determination in their one-paragraph devoted to the issue and they fail to address the question of whether any reasonable trier of fact could find her actions unreasonable. *Id.* They even note that the issue of reasonableness is ordinarily left to the finder of fact. *Id.* On April 16, 2015, G.B. told Reed that his "mother punched" him in the head, and

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 19

Reed did not report this. ECF No. 171-3 at 24. Reed has provided facts supporting her argument that she did not believe that this statement was a sign of abuse, including that G.B. had difficulty communicating and regularly misused words, that he was smiling and happy when he made the statement, that he had no marks on his body, and that he had never showed signs of fear toward Khaleel. ECF No. 228 at 2–3. However, viewing the facts in the light most favorable to Plaintiff, a reasonable juror could determine that despite these mitigating facts, Reed's failure to act on G.B.'s statement was not objectively reasonable and the Riverside Defendants' motion for summary judgment is denied on these claims.

### 4.    Failure to Report against Board Members, Murray, and Kramer

The Riverside Defendants assert the claims against the Board Members, Murray, and Kramer for failing to report suspected abuse fail as a matter of law because these defendants did not know about the signs of abuse until after G.B's death. ECF No. 226 at 19–21. Plaintiff does not respond to this assertion as to the Board Members, but argues the claims against Murray and Kramer should survive summary judgment because there are genuine disputes of material fact.

Wash. Rev. Code § 26.44.030 requires certain listed persons who have "reasonable cause to believe that a child has suffered abuse or neglect," to "report such incident, or cause a report to be made to the proper law enforcement agency or to the department." Wash. Rev. Code § 26.44.030(1)(a). Washington courts have

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 20

found that this creates an implied civil cause of action against a mandatory reporter who fails to report suspected abuse. *Beggs v. Dep't of Soc. & Health Servs.*, 247 P.3d 421, 425 (Wash. 2011). The statute defines "reasonable cause" as "a person [who] witnesses or receives a credible written or oral report alleging abuse, including sexual contact, or neglect of a child." Wash. Rev. Code 26.44.030(1)(b)(iii).

The Riverside Defendants do not dispute that the individual Riverside Defendants were mandatory reporters under Wash. Rev. Code § 26.44.030. *See* ECF No. 226 at 19; *see also* ECF No. 339 at 6 ("The RSD Defendants do not dispute that the individual defendants were mandatory reporters."). However, as the Riverside Defendants note, Plaintiff has not put forth evidence that the Board Members were aware of the signs of G.B.'s alleged abuse and thus could not have had reasonable cause to believe that a G.B. suffered abuse so as to trigger a reporting responsibility under the statute. ECF No. 226 at 19; *see Boone v. Dept' of Soc. & Health Servs.*, 403 P.3d 873, 881 (Wash. Ct. App. 2017) (where nothing in record demonstrated defendant had reasonable cause to believe child had suffered abuse, reporting requirements of statute were not triggered).

Similarly, as to Kramer, Plaintiff has not put forward any argument or fact

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 21

showing that Kramer had reasonable cause to believe G.B. was being abused.[8] As

to Kramer, there is evidence that she only became aware of the alleged evidence of

abuse after G.B.'s death. ECF No. 171-2 at 9. However, there is evidence that

Murray was aware of the alleged signs of abuse in October and November 2014

and, as such, the Riverside Defendants have not shown summary judgment is

appropriate for a claim for failure to report as to Murray. *See* ECF No. 171-10 at 2.

Thus, judgment as a matter of law in favor of the Board Members and Kramer is

appropriate as to their alleged failure to report under Wash. Rev. Code § 26.44.030,

though summary judgment is inappropriate as to Murray.

**B.    Plaintiff's motion for summary judgment**

Plaintiff's motion for summary judgment does not seek judgment on any

particular claim, but rather asks the Court to resolve certain legal and factual issues

under Plaintiff's various claims as a matter of law. ECF No. 336. Specifically,

Plaintiff asks the Court to declare that

(1) [Wash. Rev. Code] § 26.44.030 provides for a civil remedy; (2) the

---

[8] Of note, Plaintiff's argument in opposition to summary judgment on these claims is irrelevant to the issue of mandatory reporting. Plaintiff argues that "[b]ecause this Court and the Ninth Circuit determined that Kramer's actions could support a 42 U.S.C. § 1983 claim, issues of material fact exist as to whether her negligent performance of her duties was causally linked to G.B.'s death." ECF No. 342 at 20. Plaintiff's arguments in relation to Murray are similarly irrelevant to the issue of failure to report. *Id.* at 20–21. While these are disputes of material fact going to negligence and § 1983 claims against Kramer and Murray, nothing in Plaintiff's arguments addresses the *failure to report* claim against these Defendants.

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE
DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY
JUDGMENT – 22

Individual RSD Defendants, and Riverside School District ("RSD") vicariously, were all subject to the duty to report under [Wash. Rev. Code] § 26.44.030; (3) the Individual RSD Defendants, and RSD vicariously, were all subject to the *in loco parentis* duty to take reasonable care to protect students from foreseeable harm; (4) G.B.'s death as a result of child abuse or neglect was foreseeable to RSD and fell within the general field of danger flowing from that risk; (5) the implementation of reporting practices at Chattaroy Elementary School [] constitutes an "affirmative action" under the state created danger doctrine; (6) the danger of child abuse and neglect to G.B. was "known and obvious" to RSD and the Individual RSD Defendants; (7) Roberta Kramer and Juanita Murray were "supervisors" for § 1983 purposes; (8) Kramer and Murray were the "final policymakers" for RSD in the in the area of implementing reporting procedures at CES; and (9) the constitutional right alleged here is well-established so the Individual RSD Defendants are not entitled to qualified immunity.

ECF 336 at 3–4.

### 1.     Undisputed assertions

Certain of Plaintiff's requests are not in dispute. First, Wash. Rev. Code § 26.44.030 creates an implied civil cause of action against a mandatory reporter who fails to report suspected abuse. *Beggs*, 247 P.3d at 425. The Riverside Defendants do not dispute that the statute creates a civil remedy for statutory beneficiaries. ECF No. 339 at 5–6. The Court reserves ruling on the issue of whether Plaintiff is entitled to recover under this theory as a statutory beneficiary.

Second, the statutes identifies "professional school personnel" as required reporters. Wash. Rev. Code § 26.44.030(1)(a). The Riverside Defendants do not dispute that the individual Riverside Defendants were mandatory reporters under

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 23

Wash. Rev. Code § 26.44.030. ECF No. 339 at 6. As such, the Court finds it appropriate to determine that the individual Riverside Defendants were mandatory reporters under Washington law. However, the Court is not determining whether any individual defendant had reasonable cause under the statute to believe G.B. was being abused.

Third, a public entity is not liable for negligence unless it owes a duty to the plaintiff individually rather than the public in general. *Vergeson v. Kitsap County*, 186 P.3d 1140, 1145 (Wash. 2008). Where school attendance is mandatory, "the protective custody of teachers is mandatorily substituted for that of the parent." *McLeod v. Grant County Sch. Dist.*, 255 P.2d 360, 362 (Wash. 1953); *see also Johnson v. State*, 894 P.2d 1366, 1370 (Wash. Ct. App. 1995) (citing *McLeod*, 255 P.2d at 362). Thus, a "school district must 'take certain precautions to protect the pupils in its custody from dangers reasonably to be anticipated.'" (citing *McLeod*, 255 P.2d at 362). The Riverside Defendants do not dispute that they had a legal duty to protect G.B. from foreseeable harm, nor do they assert the "public duty doctrine" applies. ECF No. 339 at 6. The Court thus finds the Riverside Defendants had a duty to protect G.B. from foreseeable harm.

Finally, in § 1983 claims, supervisory liability can be imposed only if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 24

constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). The Riverside Defendants do not dispute that Kramer and Murray were supervisors for the purpose of § 1983 but argue that there are underlying factual disputes over whether they participated or had knowledge of the violations and failed to act. ECF No. 339 at 19–20. Because the Riverside Defendants do not dispute that Murray and Kramer were supervisors for the purposes of § 1983, the Court will grant the motion. The Court reserves the issue of whether Murray and Kramer are subject to liability under § 1983 in their role as supervisors.

### 2. Assertions requiring the Court to find G.B. was abused

Plaintiff also asks the Court to find that "G.B.'s death as a result of child abuse or neglect was foreseeable to RSD and fell within the general field of danger flowing from that risk," and that the danger of child abuse and neglect to G.B. was "known and obvious" to the Riverside Defendants. ECF No. 336 at 3–4, 10–11, 15.

The Riverside Defendants correctly note that for the Court to determine that G.B.'s death was a foreseeable harm, it must determine that G.B. was abused and that his death was caused by abuse. ECF No. 339 at 6–7. The question of whether G.B. was abused and whether the Riverside Defendants knew or should have known that he was being abused are at the core of this litigation. The Riverside Defendants have presented facts that, when viewed in the light most favorable to them as the

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 25

nonmoving parties, could support a finding that G.B. was not abused and his death was accidental. These include the DSHS's finding that the reported abuse was unfounded, ECF No. 199-2, and the Riverside Defendants' expert reports presenting alternative explanations for G.B.'s death, ECF No. 341-6; ECF No. 341-7. Further, the Riverside Defendants have put forward evidence that would support a finding that G.B.'s abuse and death were not foreseeable. This includes the alternative explanations for his injuries and multiple staff members' testimony that they did not believe G.B. was being abused. ECF No. 171-1 at 19, 25; ECF No. 171-3 at 20, 27. Thus, a dispute over material fact exists as to these issues and summary judgment is not appropriate.

### 3.     Claims barred by the law of the case doctrine

Finally, Plaintiff asks the Court to rule as a matter of law that (1) "the implementation of reporting practices at Chattaroy Elementary School [] constitutes an 'affirmative action' under the state created danger doctrine," (2) "Kramer and Murray were the 'final policymakers' for RSD in the in the area of implementing reporting procedures at [Chattaroy Elementary School]," and (3) "the constitutional right alleged here is well-established" so the individual Riverside Defendants are not entitled to qualified immunity. ECF No. 236 at 3–4, 13–21.

As described in more detail above, "the law of the case doctrine ordinarily precludes reconsideration of a previously decided issue." *Alexander*, 106 F.3d

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 26

at 876. The Court previously determined that material factual questions remain as to whether the reporting practices at Chattaroy Elementary School constituted an affirmative action under the state created danger doctrine. ECF No. 221 at 27. The Court has also previously determined that

> material disputed issues of fact remain concerning (1) the nature of the child-abuse reporting practices employed at Chatteroy Elementary School, including whether staff were required to report suspected abuse only to designated staff or administrators and whether staff were encouraged to delay or avoid reporting suspected abuse; (2) whether such practices affirmatively placed G.B. in danger; and (3) whether adopting and implementing such practices amounted to deliberate indifference. And there is little question that Kramer and Murray were responsible for adopting and implementing whatever practices were in place at Chatteroy Elementary School. Issues of fact therefore remain concerning whether their actions affirmatively placed G.B. at risk of harm and amounted to deliberate indifference to a known or obvious risk of danger. And because issues of fact preclude summary judgment on the basis that Kramer and Murray had no obligation to protect G.B. from harm by a third party, the same factual questions preclude qualified immunity at this stage.

ECF No. 221 at 37–38. Plaintiff fails to identify any material facts that have arisen since this Order that would merit deviating from the Court's prior findings. As such, the Court finds, consistent with its prior Order, that a dispute over material fact exists as to each of the identified issues and the motion is denied as to these issues.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The Riverside Defendants' Motion for Summary Judgment on All Claims, **ECF No. 226**, is **GRANTED IN PART** and **DENIED IN**

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 27

**PART** as follows:

    **A.**    Plaintiff's claims for outrage against each of the Riverside Defendants are dismissed.

    **B.**    Plaintiff's claims for failure to report under Wash. Rev. Code § 26.44.030 against the Board Members and Kramer are dismissed.

    **C.**    Plaintiff's claims for negligence against the Board Members are dismissed.

    **D.**    The Riverside Defendants' motion for summary judgment is denied to the extent they seek to dismiss all claims for failure to show causation, as to Plaintiff's state law claims against Reed and the teachers and staff, her claims for negligence against the Board Members, and her claim against Murray for failure to report.

2.    Plaintiff's Motion for Summary Judgment Against Riverside School District and Related Individual Defendants, **ECF No. 236**, is **GRANTED IN PART** and **DENIED IN PART** as described above.

3.    The Court determines the following:

    **A.**    There is an implied civil cause of action against a mandatory reporter who fails to report suspected abuse.

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 28

***B.***    The individual Riverside Defendants were mandatory reporters under Washington law.

***C.***    The Riverside Defendants had a duty to protect G.B. from foreseeable harm.

***D.***    Defendants Murray and Kramer were supervisors for the purpose of the § 1983 claims against them.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel for all parties.

**DATED** this 1st day of June 2020.

SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART RIVERSIDE DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT – 29