FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA DAVIS, as Personal Representative of the Estate of G.B., deceased,<br><br>                  Plaintiff,<br><br>     v.<br><br>JENNIFER STRUS, individually and in her official capacity acting under the color of state law; HEIDI KAAS, individually and in her official capacity acting under the color of state law; MELISSA KEHMEIER, individually and in her official capacity acting under the color of state law; JAMES DESMOND, individually and in his official capacity acting under the color of state law; CASSIE ANDERSON, individually and in her official capacity acting under the color of state law; BRINA CARRIGAN, individually and in her official capacity acting under the color of state law; MAGGIE STEWART, individually and in her official capacity acting under the color of state law; LORI BLAKE, individually and in her official capacity acting under the color of state law; SHANNON SULLIVAN, individually and in her official capacity acting under the color of state law; SUSAN | No.   2:17-cv-00062-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING STATUTORY BENEFICIARIES** |

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY BENEFICIARIES – 1

1    STEINER, individually and in her
official capacity acting under the color
2    of state law; CAMERON NORTON,
individually and in his official capacity
3    acting under the color of state law;
SARAH OASE, individually and in her
4    official capacity acting under the color
of state law; RANA PULLOM,
5    individually and in her official capacity
acting under the color of state law;
6    DONALD WILLIAMS, individually
and in his official capacity acting under
7    the color of state law; CHRIS MEJIA,
individually and in his official capacity
8    acting under the color of state law;
RIVERSIDE SCHOOL DISTRICT NO.
9    416, a Municipal Corporation duly
organized and existing under the laws
10   of Washington State; JUANITA
MURRAY, individually and in her
11   official capacity acting under the color
of state law; ROBERTA KRAMER,
12   individually and in her official capacity
acting under the color of state law;
13   SARAH RAMSDEN, individually and
in her official capacity acting under the
14   color of state law; CAROLINE
RAYMOND, individually and in her
15   official capacity acting under the color
of state law; CHERI MCQUESTEN,
16   individually and in her official capacity
acting under the color of state law;
17   SARAH RAMSEY, individually and in
her official capacity acting under the
18   color of state law; TAMI BOONE,
individually and in her official capacity
19   acting under the color of state law;
MELISSA REED, individually and in
20   her official capacity acting under the

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 2

1  color of state law; ANN STOPAR,
   individually and in her official capacity
2  acting under the color of state law;
   KRISTINA GRIFFITH, individually
3  and in her official capacity acting under
   the color of state law; WENDY
4  SUPANCHICK, individually and in her
   official capacity acting under the color
5  of state law; SHERRY DORNQUAST,
   individually and in her official capacity
6  acting under the color of state law;
   GARY VANDERHOLM, individually
7  and in his official capacity acting under
   the color of state law; ROGER PRATT,
8  individually and in his official capacity
   acting under the color of state law;
9  CHRIS NIEUWENHUIS, individually
   and in his official capacity acting under
10 the color of state law; and JOHN DOES
   1–50, individually and in their official
11 capacities acting under the color of state
   law,
12
                  Defendants.
13

14      On July 14, 2020, the Court heard oral argument on the Individual State

15 Defendants'[1] "Motion for Partial Summary Judgment Re: Statutory Beneficiaries"

16 ("Defendants' Motion"), ECF No. 347, and Plaintiff's "Motion for Partial Summary

17

18 _____

   [1] The Individual State Defendants include Cassie Anderson, Lori Blake, Brina
19 Carrigan, James Desmond, Melissa Kehmeier, Chris Mejia, Cameron Norton, Sarah
   Oase, Rana Pullom, Susan Steiner, Maggie Stewart, Jennifer Strus, Shannon
20 Sullivan, and Donald Williams. ECF No. 347.

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 3

1    Judgment Re: Statutory Beneficiaries" ("Plaintiff's Motion"), ECF No. 361. The

2    Riverside Defendants[2] and Defendant Sherry Dornquast joined in Defendants'

3    Motion. ECF Nos. 350, 351.

4        This case arises out of the death of G.B., a minor child. Defendants sought

5    dismissal of all Plaintiff's claims brought on behalf of G.B.'s minor siblings, S.D.A.

6    and D.M.A.,[3] on the grounds that because those individuals were adopted after

7    G.B.'s death, they are no longer statutory beneficiaries under the Washington State

8    wrongful death statute. ECF No. 347. Plaintiff sought summary judgment that

9    S.D.A., D.M.A., and Vida Mercedes Cruz, an adult sibling of G.B., were and remain

10    statutory beneficiaries under the Washington state wrongful death statute and that

11    Plaintiff may recover non-economic damages on their behalf. ECF No. 361. At the

12    conclusion of the hearing, the Court found S.D.A. and D.M.A.'s adoption did not

13    sever their sibling relationship under the wrongful death statute and thus granted

14    Plaintiff's Motion and denied Defendants' Motion. This order memorializes and

15

16    [2] The Riverside Defendants include the Riverside School District, No. 416; Tami
Boone; Kristina Griffith; Roberta Kramer; Chris Nieuwenhuis; Cheri McQuesten;

17    Juanita Murray; Roger Pratt; Sarah Ramsden; Caroline Raymond; Melissa Reed;
Ann Stopar; Wendy Supanchick; and Gary Vanderholm. ECF No. 350.

18    [3] In the parties' filings, S.D.A. is also referred to as S.D.B. and S.B. and D.M.A. is

19    also referred to as D.M.A.J. and D.J. *See* ECF No. 347 at 2; ECF No. 361 at 1.
However, because the children's names are currently S.D.A. and D.M.A., the Court

20    will use these names. *See* ECF No. 349 at 11–12, 13–14.

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 4

supplements the Court's oral ruling.

## BACKGROUND

This case arises out of the tragic death of G.B., a minor child, in April 2015 while in the custody of his aunt. *See* ECF No. 1 at 13–14. The detailed factual background of G.B.'s death has been set forth in multiple prior orders, *see* ECF Nos. 221, 281 & 368, and the Court finds it unnecessary to repeat that general background in full here.

At the time of his death, G.B. had three siblings: minors S.D.A. and D.M.A., and Vida Mercedes Cruz. ECF No. 362. When G.B. died, he as well as well as S.D.A. and D.M.A. were wards of the state. ECF No. 1 at 19. On September 14, 2016 G.B.'s grandmother, on behalf of G.B.'s Estate and the Estate's statutory beneficiaries, brought this action against the Washington State Department of Social and Health Services ("DSHS") and the Riverside School District, along with numerous employees of those entities. ECF No. 1. Plaintiff has identified S.D.A., D.M.A., and Cruz as statutory beneficiaries. ECF No. 349 at 7–8. On November 14, 2016, S.D.A. and D.M.A. were adopted. *Id.* at 11–12, 13–14.

The Individual State Defendants asked Plaintiff to admit that S.D.A. and D.M.A. were no longer statutory beneficiaries for purposes of the wrongful death statute. ECF No. 347 at 2. When Plaintiff denied the request for admission, Defendants filed Defendants' Motion and Plaintiff later filed Plaintiff's Motion. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 5

**LEGAL STANDARD**

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess credibility or weigh evidence. *See id.* Nevertheless, the nonmoving party may not rest upon the mere allegations or denials of its pleading but must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires resolution by the finder of fact. *See Anderson*, 477 U.S. at 248–49.

**DISCUSSION**

Washington law provides a wrongful death action may be pursued: (1) "for the benefit of the spouse, state registered domestic partner, child or children,

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY BENEFICIARIES – 6

1   including stepchildren," or (2) "[i]f there is no spouse, state registered domestic

2   partner, or such child or children, such action may be maintained for the benefit of

3   the parents or siblings of the deceased." Wash. Rev. Code § 4.20.020. The

4   interpretation of this statute is a matter of law. *See Matter of Estate of Reid*, 401

5   P.3d 437, 439 (Wash. Ct. App. 2017), *review denied*, 407 P.3d 1138 (Wash. 2018).

6       When the Court engages in interpretation, it must "endeavor to determine and

7   give effect to the legislature's intent." *In re Estate of Blessing*, 273 P.3d 975, 976

8   (Wash. 2012). If "the statute's meaning is plain on its face," then the Court must

9   give effect to that meaning. *Id.* The Court discerns a statute's plain meaning by

10  reference to the "ordinary meaning of the language at issue, the context of the statute

11  in which the provision is found, related provisions, and the statutory scheme as a

12  whole." *Id.* (citing *State v. Jacobs*, 115 P.3d 281, 283 (Wash. 2005). "When a

13  statutory term is undefined, the court may look to a dictionary for its ordinary

14  meaning." *Id.* (citing *State v. Gonzalez*, 226 P.3d 131, 134 (Wash. 2010).

15      Defendants do not dispute that S.D.A., D.M.A., and Vida Mercedes Cruz

16  were G.B.'s siblings and thus statutory beneficiaries of G.B.'s estate prior to S.D.A.

17  and D.M.A.'s adoptions. ECF No. 372 at 5. Nor do Defendants challenge that

18  Plaintiff, as the representative of G.B.'s estate, is entitled to pursue non-economic

19  damages on behalf of G.B.'s statutory beneficiaries. *See* ECF No. 372. However,

20  Defendants argue that when S.D.A. and D.M.A. were adopted, their sibling

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 7

1    relationship with G.B. was severed and they ceased to be statutory beneficiaries

2    under the wrongful death statute. ECF No. 347 at 3–4; ECF No. 372 at 5. Thus, the

3    question raised in the instant motions is whether the legislature intended the

4    adoption of  decedent's sibling after the decedent's death to sever the familial

5    relationship for purposes of qualifying as a statutory beneficiary under the wrongful

6    death statute.

7         As a preliminary matter, the Washington state courts have not addressed the

8    precise issue before the Court. At oral argument, the parties each represented that

9    they believe Washington courts have addressed the issue, albeit with differing

10   outcomes. However, as explained below, while the cases each party cites address

11   issues that may be related to the issue before the Court, none answer this particular

12   question of law. In the absence of controlling Washington Supreme Court

13   precedent, the Court must apply the law as it believes the Washington Supreme

14   Court would under the circumstances. *See Comm'r v. Estate of Bosch*, 387 U.S. 456,

15   465 (1967) ("If there is no decision by [the Washington Supreme] court then federal

16   authorities must apply what they find to be the state law after giving 'proper regard'

17   to relevant rulings of other courts of the State").

18        The term "sibling" is not defined in Revised Code of Washington § 4.20.005.

19   The Court further finds, as in *Matter of Estate of Reid*, that neither the literal

20   language of Revised Code of Washington § 4.20.020 nor the dictionary definition

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 8

1   of "sibling" provides clarity on the question at issue. *See* 401 P.3d at 439 (finding

2   neither literal language of Revised Code of Washington § 4.20.020 nor dictionary

3   definitions of "child" helped to determine whether legislature intended child

4   adopted before biological parent's death to qualify as a statutory beneficiary of that

5   biological parent for wrongful death action). Thus, the Court turns to Washington

6   case law and the text of the statute.

7   **A.    S.D.A. and D.M.A.'s sibling relationship with G.B. was not severed by**
8          **their adoption after G.B.'s death**

9          Reviewing the wrongful death statute and the decisions in *Estate of Blessing*,

10  273 P.3d 975, 976 (Wash. 2012), and *Leren v. Kaiser Gypsum*, 442 P.3d 273, 284

11  (Wash. Ct. App. 2019), the Court finds that S.D.A. and D.M.A.'s sibling

12  relationship with G.B., which existed at the time of his death, was not severed by

13  their subsequent adoption for the purposes of the wrongful death statute.

14         The statutory beneficiaries' right to recover under a wrongful death cause of

15  action vests—in a manner akin to a property right—at the time of the wrongful

16  death. *See Wood v. Dunlop*, 521 P.2d 1177, 1180 (Wash. 1974). Thus, in this case,

17  S.D.A. and D.M.A.'s rights as statutory beneficiaries vested prior to their adoptions,

18  at the time of G.B.'s death. Defendants have not identified any Washington law

19  providing that S.D.A. and D.M.A.'s subsequent adoption while this wrongful death

20  action was pending divested them of this right. In the absence of such precedent

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 9

from the Washington state courts, this Court declines to create such an expansion on Washington law.

The Court also looks to the decisions in *Estate of Blessing* and *Leren v. Kaiser Gypsum* as illustrative of the principles Washington courts look to in reviewing the status of persons as beneficiaries under the wrongful death statute. *Estate of Blessing* and *Leren* both resolved questions related to whether stepchildren remain beneficiaries under the wrongful death statute after the relationship between the parent and stepparent ends.[4] *Estate of Blessing*, 273 P.3d at 975; *Leren*, 442 P.3d at 283.

In *Estate of Blessing*, the Washington Supreme Court found that the step-relationship had continued even though the stepchild's biological parent predeceased the stepparent, and, because the "tie of affinity" between the stepparent and stepchild survived the death of the parent, the stepchild retained her status as a beneficiary under the wrongful death statute. 273 P.3d at 978. In reaching this conclusion, the court noted that Revised Code of Washington § 4.20.020 employs the term "'stepchildren' without defining or limiting the term," and that there was nothing in the dictionary definition "precluding the plain meaning that a step-

---

[4] In *Estate of Blessing*, the relationship between parent and stepparent was severed by the parent's death prior to the stepparent's death, while in *Leren*, the parent and stepparent divorced prior to the stepparent's death. *Estate of Blessing*, 273 P.3d at 975; *Leren*, 442 P.3d at 283.

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY BENEFICIARIES – 10

1  relationship could remain intact past the death of the children's natural or adoptive

2  parent." *Id.* The court also looked to the reasoning in *In re Estate of Bordeaux*, 225

3  P.2d 433 (Wash. 1950) that, where the "relationship by affinity" is "continued

4  beyond the death of one of the parties to the marriage which created the relationship,

5  and where the parties continue to maintain the same family ties and relationships,

6  considering themselves morally bound to care for each other, the District Court

7  properly found that the relationship continued to exist." *Id.* (quoting *Estate of*

8  *Bordeaux*, 225 P.2d at 443).

9       The Washington Court of Appeals in *Leren* followed *Estate of Blessing* when

10  it reviewed the relationship between a stepchild and stepparent after the parent and

11  stepparent divorced and determined that the bonds of affinity between the stepchild

12  and the stepparent "indisputably lasted until the end of [the stepparent's] death."

13  *Leren*, 442 P.3d at 285. The Court also noted that "[d]ivorces do not, in theory,

14  sever the bonds of affinity between a stepparent and a stepchild any more than

15  between a parent and a biological child." *Leren*, 442 P.3d at 285.

16       Here, as in *Estate of Blessing* and *Leren*, the Court looks to whether the bonds

17  of affinity continued to the decedent's death. They clearly did. Defendants do not,

18  nor could they, argue that G.B., S.D.A., and D.M.A. did not retain their bonds of

19  affinity after the deaths of their parents, when they together became wards of the

20  estate and were placed in the custody of their aunt. *See* ECF Nos. 347, 369. Indeed,

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 11

1    Defendants admit that at the time of G.B.'s death, S.D.A. and D.M.A. were statutory

2    beneficiaries. ECF No. 372 at 5. The event that severed the bond of affinity between

3    G.B. and his siblings was G.B.'s tragic death, not S.D.A. and D.M.A.'s subsequent

4    adoption. Thus, the logic of *Estate of Blessing* and *Leren* supports the conclusion

5    that S.D.A. and D.M.A.'s adoption did not divest them of their status as statutory

6    beneficiaries for the wrongful death statute.

7    **B.    Defendants' arguments to the contrary rely on inapplicable cases**

8    **1.    *In re Estate of Reid***

9    Defendants argue this case is similar to the *Matter of Estate of Reid*, 401

10   P.3d 437, 439 (Wash. Ct. App. 2017), *review denied*, 407 P.3d 1138 (Wash. 2018).

11   ECF No. 347 at 3–4. In *Estate of Reid*, Reid had a biological child, Saludares, who

12   was adopted at the age of two by Reid's parents. *Estate of Reid*, 401 P.3d. at 438.

13   Reid subsequently had two other children who were not adopted. *Id.* Upon Reid's

14   death, Saludares and the two other children disputed whether Saludares was a

15   statutory beneficiary under the wrongful death statute. *Id.* The Court of Appeals

16   held that, "as a result of his adoption, Saludares became the 'child, legal heir, and

17   lawful issue' of his adoptive parents and not of his biological mother 'for all legal

18   incidents,' including wrongful death actions." *Id.* at 440. However, as Plaintiff

19   argues, *Estate of Reid* is distinguishable for two primary reasons: (1) *Estate of Reid*

20   pertains to the termination of the parental relationship, and (2) *Estate of Reid*

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 12

pertains to an adoption prior to the decedent's death. ECF No. 361 at 6–7. The Court agrees these distinctions, particularly the latter, are essential.

In determining whether Saludares was a statutory beneficiary, the Washington Court of Appeals looked to Washington's adoption statute to guide an interpretation that resulted in a "harmonious total statutory scheme" that "maintains the integrity of the respective statutes." *Estate of Reid*, 401 P.3d. at 440 (quoting *State ex rel. Peninsula Neigh. Ass'n v. Dep't of Transp.*, 12 P.3d 134, 142 (Wash. 2000)). Wash. Rev. Code § 26.33.260(1) sets forth the legal effect of an adoption as follows:

> The entry of a decree of adoption divests any parent or alleged father who is not married to the adoptive parent or who has not joined in the petition for adoption of all legal rights and obligations in respect to the adoptee, except past-due child support obligations. The adoptee shall be free from all legal obligations of obedience and maintenance in respect to the parent. The adoptee shall be, to all intents and purposes, and for all legal incidents, the child, legal heir, and lawful issue of the adoptive parent, entitled to all rights and privileges, including the right of inheritance and the right to take under testamentary disposition, and subject to all the obligations of a natural child of the adoptive parent.

While this statute explicitly divests parents of legal rights and obligations and renders the adoptee the "legal heir, and lawful issue of the adoptive parent," it does not set forth the legal effects of adoption on the relationship at issue in this case— that of the adopted child's siblings. Thus, while instructive in *Estate of Reid*, Revised Code of Washington § 26.33.260(1) does not resolve the legal question

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 13

before the Court.

Moreover, while Revised Code of Washington § 26.33.260(1) explicitly addresses the relationship between parent and adopted child, and case law similarly supports giving an adopted child a "fresh start" through severing ties with the biological parent, *see Estate of Reid*, 401 P.3d. at 440 (collecting cases), the Washington legislature has specifically noted the importance of maintaining sibling relationships even after adoption. *See* Wash. Rev. Code § 26.33.420. Specifically, the Washington legislature found as follows:

> The legislature finds that the importance of children's relationships with their siblings is well recognized in law and science. . . . The legislature finds, however, that when one or more of the siblings is adopted from foster care, these relationships may be severed completely if an open adoption agreement fails to attend to the needs of the siblings for continuing postadoption contact. The legislature intends to promote a greater focus, in permanency planning and adoption proceedings, on the interests of siblings separated by adoptive placements and to encourage the inclusion in adoption agreements of provisions to support ongoing postadoption contact between siblings.

Wash. Rev. Code § 26.33.420. The legislature also imposed a specific duty on Washington courts, in reviewing and approving open adoption agreements, to encourage parties to "seriously consider the long-term benefits to the child adoptee and siblings of the child adoptee of providing for and facilitating continuing postadoption contact between siblings." Wash. Rev. Code § 26.33.430. Because this statute tempers the legislative intent to provide a child with a "clean slate"

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY BENEFICIARIES – 14

specifically as to the child's sibling relationships, the Court declines to adopt Defendants' sweeping conclusion that the adoption of one sibling necessarily severs the sibling relationship for the purposes of the wrongful death statute. Regardless, the conclusions in *Estate of Reid* regarding the effect of a pre-death adoption on a parent-child relationship are inapplicable to the issue before this Court.

### 2.    *In re Estate of Fleming*

Defendants argue that it is "axiomatic that if following their adoptions SDA and DMA are no longer legally considered the 'child' of their biological parents, they likewise cannot be considered the 'siblings' of G.B." ECF No. 372 at 12. Defendants point to *In re Estate of Fleming*, 21 P.3d 281 (Wash. 2001), to support their proposition that the termination of the parent-child relationship divests the siblings of their inheritance rights from other siblings. ECF No. 372 at 12. However, *Estate of Fleming* is distinguishable because it involved the interpretation of a statute that expressly ties sibling inheritance through a shared parental relationship. *Estate of Fleming*, 21 P.3d 284.

Specifically, the Washington Supreme Court in *Estate of Fleming* was interpreting right of inheritance for the estate of an intestate decedent, Thomas, whose biological mother placed him for adoption. *Id.* at 283. Approximately one year after Thomas's birth, a parental termination order was issued providing Thomas's biological mother was "permanently deprived of any and all maternal

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY BENEFICIARIES – 15

rights and interest in and to the said Baby Boy Fleming" and Thomas was placed into the custody of a charitable organization, though he was never adopted. *Id.* Upon Thomas's death, Thomas's biological mother and half-sibling, who was born to the biological mother after she terminated her parental rights to Thomas, sought to inherit through intestate inheritance. *Id.*

To determine whether the biological mother and biological half-sibling were entitled to inherit, the Court looked to the legal effect of the termination order and to the intestate distribution statute. *Id.* The intestate distribution statute expressly limits inheritance in cases where there is no surviving spouse or issue of the intestate "to those issue of the parent or parents who survive the intestate." *Id.* at 284 (citing Wash. Rev. Code § 11.04.015(2)). If there is no surviving spouse, issue, or parent of the intestate, then distribution goes "to those issue of the parent or parents who survive the intestate." *Id.* (citing Wash. Rev. Code § 11.04.015(2)).

In relation to the parent, the Washington Supreme Court determined that "[c]ontemporary probate and adoption statutes provide ample evidence the Legislature has abandoned consanguinity as the overriding policy consideration where the parent-child relationship is terminated" and that the legal effect of severing one's parental rights and interests in a child rendered her no longer the decedent's legal parent. *Id.* Thus, the biological mother was not entitled to intestate distribution because she severed the parent-child relationship between herself and

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY BENEFICIARIES – 16

Thomas. *Id.* at 285–86. As to the biological sibling's claim to the inheritance, the Court found that because "right of a sibling to inherit from a deceased sibling is based upon the person's status as the issue of a common parent; there is no direct distribution to a person based upon his or her status as a sibling of the deceased." *Id.* at 286. Thus, the intestate succession to a biological sibling was severed when the parental rights were terminated. *Id.*

However, the wrongful death statute, unlike the intestate distribution statute creates a beneficiary group based on the sibling relationship itself, which is notably *not* tied through the parental relationship. *Compare* Wash. Rev. Code § 11.04.015(2) ("If the intestate not be survived by issue or by either parent, then to *those issue of the parent or parents* who survive the intestate") (emphasis added) *with* Wash. Rev. Code § 4.20.020 ("If there is no spouse, state registered domestic partner, or such child or children, such action may be maintained for the benefit of the parents or *siblings* of the deceased.") (emphasis added). Further, the Washington Supreme Court, in *Estate of Blessing*, explicitly acknowledged the continuance of a relationship listed in the wrongful death statute even after the relationship that created the status had ended. *Estate of Blessing*, 273 P.3d at 977–78. Thus, *Estate of Fleming* does not address the issue before the Court.

## CONCLUSION

S.D.A., D.M.A., and Vida Mercedes Cruz were statutory beneficiaries at the

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY BENEFICIARIES – 17

time of G.B.'s death for the purposes of the wrongful death statute, which explicitly permits the representative of the decedent's estate to recover non-economic damages on behalf of the decedent's beneficiaries. Having reviewed the wrongful death statute, the adoption statutes, and Washington state courts legal precedent, the court finds that S.D.A. and D.M.A.'s sibling relationship with G.B. was not severed by their adoption after G.B.'s death for the purposes of their right to recover under Revised Code of Washington § 4.20.020.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' "Motion for Partial Summary Judgment Re: Statutory Beneficiaries," **ECF No. 347**, is **DENIED**.

2.    Plaintiff's "Motion for Partial Summary Judgment Re: Statutory Beneficiaries," **ECF No. 361**, is **GRANTED**.

3.    The Court determines the following:

      *A.*    S.D.A., D.M.A., and Vida Mercedes Cruz, as G.B.'s siblings, are statutory beneficiaries of G.B.'s estate under Wash. Rev. Code § 4.20.020;

      *B.*    S.D.A. and D.M.A.'s adoption after G.B.'s death did not sever their sibling relationship with G.B. for purposes of their right to recover under Wash. Rev. Code § 4.20.020; and

//

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY BENEFICIARIES – 18

1

2

*C.*    Plaintiff, as the representative of G.B.'s estate, can recover non-economic damages on behalf of G.B.'s beneficiaries.

3

4

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel for all parties.

5

**DATED** this 22nd day of July 2020.

6

7

_____
SALVADOR MENDOZA, JR.
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION AND DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
STATUTORY BENEFICIARIES – 19